UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MATTHEW JONES,

          Plaintiff,

v.

TRENTON NEW JERSEY POLICE DEPARTMENT,

          Defendant.

Civil Action No. 23-21173 (MAS) (JBD)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Plaintiff Matthew Jones's ("Plaintiff") Complaint (ECF No. 1) and renewed application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2). For the reasons stated herein, the Court will grant Plaintiff's application to proceed IFP, but as explained below, the proposed Complaint is **DISMISSED** with prejudice.

**I.    BACKGROUND**

    The following factual recitation is derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2).[1] This action was commenced by Plaintiff, a resident of Greenwood, Delaware, on October 13, 2023. (*See* Compl., ECF No. 1.) On its face, Plaintiff's Complaint contains a host of digressive and conclusory allegations. (*See generally id.*) In his Complaint, Plaintiff recounts a narrative of various atrocities

---

[1] While the Court must interpret allegations in a pro se plaintiff's complaint liberally, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), the Court need not accept all allegations as true, including those that lack all plausibility or believability. *See Degrazia v. F.B.I.*, No. 08-1009, 2008 WL 2456489, at *3 (D.N.J. June 13, 2008), *aff'd*, 316 F. App'x 172 (3d Cir. 2009) (explaining that the Court "need not credit bald assertions or legal conclusions" or allegations "involv[ing] fantastic factual scenarios lacking any arguable factual or legal basis" or that "surpass all credulity." (citations and quotation marks omitted)).

that were committed against him by police officers and other individuals in June 1998, including, but not limited to, rape, "sexual slavery," and prostitution. (*Id.* ¶ 3.) Plaintiff alleges that he was placed in the custody of "Linda C. Jones" who was in cahoots with the "Wight [sic] gang [that] made . . . attempts to condition [Plaintiff] with fear" and to "end [his] life." (*Id.*) Plaintiff alleges that Linda drove Plaintiff to Trenton, New Jersey, where he was raped, sexually assaulted, and beaten by "local Trenton police officers and [b]rown-[b]lack men, women, and children." (*Id.*) Plaintiff further alleges that the assault:

> continued [in] Ridgefield, where [he] was raped . . . for over four hours at the Vince Lombardi Travel Plaza by State and Local Police, the County Sheriff's Department, and the United States Postal Service. The rapes were anal, oral, and penile. They occurred in Linda's vehicle, in the State and local police vehicles, in the mail trucks, in the parking lot outside the rest stop, and inside the rest stop at the food court and on the floor . . . More than one of [the] rapists hope[d] to spread his and her contagious diseases to [him] to inspire disease spreading and suicide and defeat [him] totally.

(*Id.*)

Based on these allegations, Plaintiff requests ten million dollars in damages for various violations of federal law and the United States Constitution. (*Id.* at 9-10.)

## II.     **LEGAL STANDARD**

An IFP application "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court, accordingly, must carefully review an application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed [IFP]." *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citation omitted). Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time if the court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure[2] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Rule 8(a)(2) "requires [a complaint to contain] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). While pro se pleadings are to be liberally construed in conducting such an analysis, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

---

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

## III. DISCUSSION

### A. *In Forma Pauperis* Application

The Court grants Plaintiff's application to proceed *in forma pauperis*. In his application, Plaintiff states that he has a monthly income of $1309.00 from disability payments and food stamps and holds $46.00 in a checking account. (IFP Appl. 1-2, ECF No. 4.) Plaintiff's monthly expenses total $1,936.00, including $600.00 in food expenses, a $600.00 rent payment, and $236.00 in utilities. (*Id.* at 4-5.) Here, the Court finds that Plaintiff has pled his circumstances with sufficient particularity to grant Plaintiff's application to proceed *in forma pauperis*.

### B. Review of Complaint

Notwithstanding the payment of any filing fee or portion thereof, a complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) must still undergo the Court's mandatory *sua sponte* review. Upon review, the Court finds dismissal of the Complaint to be appropriate on several grounds.

First, while Plaintiff refers to several criminal statutes (Compl. ¶¶ 9, 10), it is well settled that a plaintiff may not allege criminal statutes in a civil action. *See Cort v. Ash*, 422 U.S. 66, 79-80 (1975) (holding no private right of action under criminal statutes absent a clear statutory basis). Second, the sole defendant identified in the Complaint, i.e., the Trenton Police Department, cannot be held liable for Plaintiff's constitutional-based claims under 42 U.S.C. § 1983.[3] *Thompson v. State of N.J.*, No. 05-4420, 2005 WL 2406100, at *3 (D.N.J. Sept. 28, 2005) (holding that the Trenton Police Department is not a "person" subject to suit under 42 U.S.C. § 1983); *Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that a police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a

---

[3] Plaintiff's claims of negligence or a lack of due care under the circumstances (Compl. ¶¶ 5, 7), are similarly insufficient to support a cognizable failure to protect claim under § 1983. *Davidson v. Cannon*, 474 U.S. 344 (1986).

4

subdivision of its municipality). Third, because Plaintiff's claims arose in 1998, they are evidently time barred under the applicable statute of limitations for § 1983 claims. *Gavin v. Bd. of Educ., S. Orange-Maplewood Sch. Dist.*, No. 20-9191, 2021 WL 1050364, at *8 (D.N.J. Mar. 18, 2021) (noting that "New Jersey's two-year limitations period continues to apply to [the plaintiff's] federal claims, despite New Jersey's subsequent enactment of a longer period for sexual assault claims[.]"); *Doe v. County of Morris*, No. 21-20607, 2022 WL 2713975, at *8 (D.N.J. July 13, 2022) (same).

Fourth and finally, this Court's review of relevant case law reveals that Plaintiff is a serial filer. He has an extensive track record of filing lawsuits in state and federal courts, including a myriad of different cases in both the Second and Third Circuits. Courts have uniformly rejected Plaintiff's Complaints at the screening stage pursuant to Rule 12(b) or 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction. *See, e.g., Jones v. Conn. Super. Ct.*, No. 17-599, slip op. (D. Conn. May 25, 2017), *aff'd*, 722 F. App'x 109 (2d Cir. 2018); *Jones v. Yale Univ.*, No. 18-1325, 2018 WL 8805980 (D. Conn. Aug. 31, 2018); *Jones v. N.Y.P.D.*, No. 23-9515, 2024 WL 325361 (S.D.N.Y. Jan. 19, 2024); *see also Jones v. Sussex Corr. Inst.*, No. 16-1321, 2017 WL 2872416 (D. Del. Jul. 5, 2017), *appeal docketed*, No. 17-2490 (3d Cir. Jul. 13, 2017); *Jones v. Sussex Corr. Inst.*, No. 16-1321, 2017 WL 2872416 (D. Del. Jul. 5, 2017), *appeal docketed*, No. 17-2490 (3d Cir. Jul. 13, 2017); *Jones v. Recovery Innovations Int'l*, No. 17-396, 2017 WL 2378809 (D. Del. Jun. 1, 2017), *aff'd*, 698 F. App'x 59 (3d Cir. Oct. 4, 2017); *Jones v. Harrington, Del. Police Dep't*, No. 17-395, 2017 WL 2381271 (D. Del. Jun. 1, 2017), *appeal docketed*, No. 17-2317 (3d Cir. Jun. 16, 2017); *Jones v. Kent Cnty. Superior Ct., Del.*, No. 17-394, 2017 WL 2378362 (D. Del. Jun. 1, 2017), *appeal docketed*, No. 17-2316 (3d Cir. Jun. 16, 2017); *Jones v. Family Ct. of Del. In & for Sussex Cnty.*, No. 16-1321, 2017 WL 1843889 (D. Del. May 8, 2017); *Jones v. Justice of Peace Ct. No. 4, Sussex Cnty.*, No. 16-1306, 2017 WL 1312973 (D. Del. Apr. 5, 2017), *aff'd*, 694 F. App'x 66

(3d Cir. Aug. 9, 2017), *petition for cert. denied*, 138 S. Ct. 455 (2017); *Jones v. Crisis Intervention Servs.*, 239 F. Supp. 3d 795 (D. Del. 2017), *aff'd*, 686 F. App'x 81 (3d Cir. 2017), *petition for cert. denied*, 138 S. Ct. 102 (2017); *Jones v. Mirza*, No. 15-1017, 2016 WL 4203814 (D. Del. Aug. 8, 2016), *appeal dismissed*, 685 F. App'x 90 (3d Cir. 2017), *petition for cert. denied*, 138 S. Ct. 208 (2017); *Jones v. Town of Bridgeville, Del.*, No. 15-204, 2015 WL 4085745 (D. Del. Jul. 6, 2015), *appeal dismissed* (3d Cir. Apr. 20, 2016).

In fact, the Third Circuit has expressly noted Plaintiff's propensity to raise "myriad allegations of rape, murder, and kidnapping by members of [a] town's police department." *See Jones v. Bridgeville Police Dep't*, 758 F. App'x 235, 235-36 (3d Cir. 2019). Given his abusive litigation history, the Third Circuit cautioned Plaintiff "that filing further meritless appeals in frivolous cases may result in the imposition of sanctions or filing injunctions." *Id.* at 236.

With that said, while the Court certainly recognizes that a pro se plaintiff should generally be provided with an opportunity to cure deficiencies in a complaint, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002), this rule is inapplicable where granting an opportunity to amend would be futile. The Third Circuit has already weighed in that Plaintiff's history of filing multiple cases and frivolous allegations—precisely the allegations at issue here—render any subsequent pleading in these circumstances futile. *See Jones*, 758 F. App'x at 236 (noting that "while generally a plaintiff should be granted leave to cure the deficiencies of a complaint subject to dismissal, [the District Court properly determined] that such allowance would have been futile in this case").

Accordingly, based on the apparent frivolousness of Plaintiff's claims, and considering his history of filing frivolous lawsuits against various state agencies and police departments, the Court finds that it would be futile to grant Plaintiff leave to amend the Complaint.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Complaint is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons stated, any subsequent amendment would be futile. The Court will issue an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**