**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW JONES, <br><br> Plaintiff, <br><br> v. <br><br> TRENTON NEW JERSEY POLICE DEPARTMENT, <br><br> Defendant. | Civil Action No. 23-21173 (MAS) (JBD) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Matthew Jones's ("Plaintiff" or "Jones") Motion for Relief from a Judgment under Federal Rule of Civil Procedure 60(b).[1] (ECF No. 7.)[2] The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, the Motion is denied.

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

[2] The Motion was unopposed because the Court dismissed Plaintiff's Complaint (the "Complaint") (ECF No. 1), in an Opinion and Order dated September 9, 2024 (the "Sept. Op." or "September Opinion") (ECF No. 5; ECF No. 6), before service could be effectuated.

## I. BACKGROUND

### A. Factual Background

The factual background, unless otherwise noted, is derived from the Complaint.[3] Jones alleges that, in 1998, his mother and other unidentified individuals committed various violent crimes against him in Trenton and Ridgefield, New Jersey. (Compl. ¶ 3, ECF No. 1.) Specifically, Plaintiff alleges that he was beaten and raped by "local Trenton police officers" in a car and on the sidewalk before being driven to the Vince Lombardi Travel Plaza where said abuses were continued by "[s]tate and [l]ocal [p]olice, the County Sheriff's Department, and the United States Postal Service." (*Id.*) Plaintiff alleges that he "suffered from blackouts and hallucinations" and "cannot reliably say where [he] was or what [was done] to [him] for the next several weeks." (*Id.*) Based upon the above allegations, Plaintiff demands $10,000,000 in damages. (*Id.* ¶ 15.)

### B. Procedural Background

Plaintiff filed the Complaint on October 13, 2023 with an application to proceed *in forma pauperis* ("IFP"). The Court granted Plaintiff's IFP Application. (ECF No. 6.) After granting Plaintiff's IFP Application, the Court screened the Complaint under 28 U.S.C. § 1915(e)(2) and

---

[3] As noted in the September Opinion, the Complaint is replete with "digressive and conclusory allegations," most of which are not repeated here. (Sept. Op. 1.)

dismissed it with prejudice as legally frivolous.[4] (*See* Sept. Op. 4-7, ECF No. 5 (noting that the Plaintiff may not bring causes of actions under criminal statutes, sue police departments under 42 U.S.C. § 1983, and that the allegations were barred by the New Jersey statute of limitations).) In the Court's September Opinion, it listed thirteen cases that Plaintiff has filed against various private and public entities. (Sept. Op. 5-6); *see also Jones v. Bridgeville Police Dep't*, 758 F. App'x 235, 235-36 (3d Cir. 2019) (explaining that [Plaintiff] "raised, as he often does, [a] myriad [of] allegations of rape, murder, and kidnapping by members of that town's police department"). The Court also noted that the Third Circuit has specifically considered Plaintiff's litigation history and warned him that "further meritless appeals in frivolous cases may result in the imposition of sanctions or filing injunctions" under the All-Writs Act. *Id.* at 236 (citing 28 U.S.C. § 1651(a)).

On October 9, 2024, Plaintiff filed the instant Motion for Relief from a Judgment. (ECF No. 7.) The Motion is unopposed because the Court dismissed the Complaint at the screening stage required under 28 U.S.C. § 1915(d), obviating the need to issue summons. (*See generally* Sept. Op.); 28 U.S.C. § 1915(d) (providing for court issuance of summons and service of process in proceedings IFP).

---

[4] As the Court dismissed the case with prejudice (*see* Sept. Op. 1), Plaintiff has properly and explicitly moved for relief under Rule 60(b) instead of Local Civil Rule 7.1(i) or Rule 59 (Pl.'s Moving Br. 1). A motion to reconsider under Local Civil Rule 7.1(i) or Rule 59 would be time barred because Plaintiff filed his motion one month after the September Opinion. *See* L. Civ. R. 7.1(i) (stating such a motion "shall be served and filed within 14 days"); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Since the Court dismissed the Complaint with prejudice, the September Opinion was a final judgment for Rule 60 purposes. *See Aluminum Co. of Amer. v. Beazer E. Inc.*, 124 F.3d 551, 557 (3d Cir. 1997) (stating that "a final decision will have two effects. First, the decision will fully resolve all claims presented to the district court. Second, after the decision has been issued, there will be nothing further for the district court to do").

## II.   LEGAL STANDARD

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1346 (3d Cir. 1987)).

While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud or mistake, Rule 60(b)(6) permits a party to seek relief from a final judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b) "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

## III.   DISCUSSION

The Court finds no justification to provide relief from the September Opinion. Plaintiff's Motion largely resembles the Complaint in its conclusory assertions and incoherent style. In the Motion, Plaintiff appears to intentionally refer to law enforcement as "Poor Lice" and explains his intention to purchase recordings of his entire life from Google, IBM, Hewlett-Packard, Apple, and the National Security Agency as evidence. (*See* Pl.'s Moving Br. 8-10, ECF No. 7.) Even construing the Motion liberally, Plaintiff does not present a rationale for the Court to disturb its

4

findings in its September Opinion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se 'is to be liberally construed . . . .'" (citation omitted)); *but see Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("Yet there are limits to [the Court's] procedural flexibility.").

      First, Plaintiff has not demonstrated that any of the enumerated reasons in Rule 60(b)(1)-(5) apply, including: (1) mistake; (2) newly discovered evidence; (3) fraud; (4) "the judgment is void;" or (5) the case has been satisfied or mooted in some way. Fed. R. Civ. P. 60(b)(1)-(5). Instead, the Motion contains a somewhat disorganized and incoherent series of arguments relying on inapplicable law and referencing non-existent arguments from a defendant who has yet to appear. (*See generally* Pl.'s Moving Br.) The references to defendant's claims are nonsensical because, as previously noted, the Motion is unopposed because the Complaint was dismissed during the screening stage and before summonses were issued. Other than a recitation of Rule 60(b), (*id.* at 4), none of the legal authority cited by Plaintiff controls the issues in this case or the Motion (*see, e.g., id.* at 5 (citing Federal Rule of Evidence 412 for the proposition that Plaintiff did not have to provide details of the alleged rapes in the Complaint); *id.* at 6 (citing the U.S. Code of Military Justice for the applicable statute of limitations); *id.* at 7 (quoting Rule 8 but citing Rule 19)). Despite citing and quoting Rule 60, Plaintiff does not marshal any coherent arguments for why any of the specific grounds for relief in Rule 60(b)(1)-(5) would apply. (*See generally* Pl.'s Moving Br.)

      Second, the Court likewise finds no reason to grant relief under the catch-all provision in Rule 60(b)(6). *See* Fed. R. Civ. P. 60(b)(6) (allowing the court to grant a motion for relief from a judgment or order for "any other reason that justifies relief"). Here, the Court cannot find that Plaintiff would suffer "extreme and unexpected hardship" if his Motion is denied. *Cox v. Horn*,

5

757 F.3d 113, 120 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). Plaintiff is a serial filer in federal court. *Jones v. Shah*, No. 23-925 & No. 23-998, 2024 WL 2132489, at *1 (D. Del. May 13, 2024) (noting that the cases before that court represented "the thirty-eighth and thirty-ninth complaints [Plaintiff] has filed *in th[e] district* since 2015" (emphasis added)). As near as the Court can determine, since this case was filed in October 2023, Plaintiff has had at least seventeen cases mirroring the fantastical allegations in the Complaint dismissed as frivolous, failing to state a claim, and/or against an immune party under 28 U.S.C. § 1915(e). *See Jones v. N.Y. City Police Dep't*, No. 23-8101, 2023 WL 7283782, at *1-2 (E.D.N.Y. Nov. 3, 2023), *appeal dismissed*, 2024 WL 2807131 (2d Cir. Apr. 18, 2024); *Jones v. Perryville Police*, No. 23-332, 2023 WL 8458224, at *2 (E.D. Ky. Dec. 6, 2023), *appeal dismissed*, 2024 WL 5240815 (6th Cir. June 27, 2024); *Jones v. Steele Police*, No. 23-218, 2023 WL 8619289, at *2 (E.D. Mo. Dec. 13, 2023); *Jones v. N.Y.P.D.*, No. 23-9515, 2024 WL 37101, at *2-4 (S.D.N.Y. Jan. 2, 2024); *Jones v. La. State Police*, No. 23-7258, 2024 WL 167176, at *1 (E.D. La. Jan. 16, 2024) (overruling Plaintiff's objections and adopting magistrate judge's report and recommendation), *aff'd*, 2024 WL 4346397 (5th Cir. Sept. 30, 2024); *Jones v. Orange Tex. Police Dep't*, No. 23-447, 2024 WL 185645, at *1 (E.D. Tex. Jan. 17, 2024) (overruling Plaintiff's objections and adopting magistrate judge's report and recommendation), *aff'd*, 2024 WL 2239590 (5th Cir. May 17, 2024); *Jones v. Ohio State Highway Patrol*, No. 23-794, 2024 WL 865849, at *1 (S.D. Ohio Feb. 29, 2024) (overruling Plaintiff's objections and adopting magistrate judge's report and recommendation); *Jones v. Judicial Branch of U.S. Gov't*, No. 24-0650, 2024 WL 1344419, at *1 (D.D.C. Mar. 18, 2024), *aff'd*, 2024 WL 3634207 (D.C. Cir. Aug. 2, 2024); *Jones v. State Police Dep't & Buckhannon Police Dep't*, No. 23-17, 2024 WL 1469540, at *1 (N.D.W. Va. Apr. 4, 2024) (overruling Plaintiff's objections and adopting magistrate judge's report and recommendation),

*aff'd*, 2024 WL 4200041 (4th Cir. Sept. 16, 2024); *Jones v. Pigeon Forge Police Dep't*, No. 23-435, 2024 WL 1623097, at *2 (E.D. Tenn. Apr. 15, 2024) (overruling Plaintiff's objections and adopting magistrate judge's report and recommendation); *Jones v. Cent. Dist. Station*, No. 24-353, 2024 WL 4094029, at *1 (D.D.C. Apr. 25, 2024), *aff'd*, 2024 WL 4034466 (D.C. Cir. Sept. 4, 2024); *Jones v. Fla. State Police*, No. 23-519, 2024 WL 1861015, at *1 (N.D. Fla. Apr. 29, 2024) (overruling Plaintiff's objections and adopting magistrate judge's report and recommendation); *Jones v. Greene Cnty. Sheriff's Dep't*, No. 23-1305, 2024 WL 2132518, at *1 (N.D.N.Y. May 13, 2024) (overruling Plaintiff's objections and adopting magistrate judge's report and recommendation); *Jones v. Avalon Police Dep't*, No. 23-20981, 2024 WL 3293514, at *2 (D.N.J. July 3, 2024); *Jones v. N.C. State Police*, No. 23-1659, 2024 WL 3330563, at *1 (E.D.N.C. July 8, 2024) (overruling Plaintiff's objections and adopting magistrate judge's report and recommendation), *aff'd*, 2024 WL 4501091 (4th Cir. Oct. 16, 2024); *Jones v. Md. State Police*, No. 23-3311, 2024 WL 4522344, at *2 (D. Md. Aug. 5, 2024); *Jones v. S.C. State Police*, No. 23-6265, 2024 WL 4100409, at *2 (D.S.C. Sept. 5, 2024) (overruling Plaintiff's objections and adopting magistrate judge's report and recommendation), *aff'd*, 2024 WL 5040418 (4th Cir. Dec. 9, 2024); *Jones v. Del. State Police*, No. 23-1379, 2024 WL 4385308, at *2 (D. Del. Oct. 3, 2024); *Jones v. USA Dist. Ct. of E. Pa.*, No. 25-940, 2025 WL 624260, at *2-3 (E.D. Pa. Feb. 26, 2025).

Because Plaintiff has not pointed to any hardship that would result if the September Opinion were to remain undisturbed (*see generally* Pl.'s Moving Br.), the Court finds that Plaintiff fails to show the type of extraordinary circumstances that warrant relief under Rule 60(b)(6). *Budget Blinds, Inc.*, 536 F.3d at 255 ("[E]xtraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices.").

7

In sum, since Plaintiff has failed to articulate any fraud or mistake, point to any newly discovered evidence, or present a reason that the judgment is void or otherwise inequitable, the Court finds that Plaintiff is not entitled to relief from a judgment under Rule 60(b)(1)-(5). Similarly, since Plaintiff has not articulated any other reason that would entitle him to relief from a judgment, Plaintiff is not entitled to relief under Rule 60(b)(6).

### IV.  <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's Motion under Rule 60(b) is denied. The Court will issue an Order consistent with this Memorandum Opinion.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE